**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 20, 2017[*]
Decided November 20, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 17-1729

| | |
|---|---|
| DAVID ROBERT BENTZ, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 16-00854-NJR |
| | |
| NATHANIEL MAUE, et al., | Nancy J. Rosenstengel, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

David Bentz, an Illinois prisoner, sued various state officials under 42 U.S.C. § 1983 and moved to proceed in forma pauperis. The district court dismissed the case

---

[*] We have unanimously agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C). The defendants were not served with process in the district court and are not participating in this appeal.

with prejudice and denied reconsideration primarily because it concluded that Bentz had lied on his IFP applications by failing to disclose a $180 deposit he had received from his mother. Because the district court erroneously concluded that Bentz dishonestly omitted this income and its source from his IFP applications and therefore abused its discretion by dismissing this suit, we vacate the judgment and remand.

After Bentz filed his complaint, the district judge ordered him to pay the filing fee or submit an IFP application. He chose the latter option and said in a handwritten statement that he was "unable to pay the cost of these proceedings" and that in the previous year, he had "received more than $200.00 from the following sources combined: (a) Gary Bentz $0–$50.00 per month; (b) Diane Bentz $0–$40.00." The judge denied Bentz's IFP motion because he did not provide a certified statement of his prison trust fund account and did not answer all of the questions on the court's standard form. The judge gave Bentz two weeks either to pay the filing fee or submit a completed IFP application and warned him that failing to do so would result in the dismissal of his case under Federal Rule of Civil Procedure 41(b).

Four days later, Bentz moved to have members of the prison library staff held in contempt of court for failing to electronically file his court submissions (in this and other cases) despite stamping them as being filed. The judge denied that motion because Bentz did not identify any late or missing filings. The district court did not receive Bentz's filing fee or a second IFP application by the two-week deadline. Four days after it passed, the court received a certified copy of Bentz's prison trust fund account statement, but not an amended application.

Shortly thereafter the judge dismissed the case with prejudice for two reasons. First the judge concluded, based on Bentz's account statement, that he had omitted from his IFP application deposits of between $15 and $180 by "Linda Bentz," and that the omission was "intentional, misleading, and false." Second the judge decided that because Bentz had "ignored" her two orders that he either pay the filing fee or properly complete an IFP application, dismissal with prejudice was warranted under Rule 41(b). The judge warned Bentz of the consequences of "persistent abuse of the IFP process."

Roughly one week later, Bentz filed a motion for reconsideration and attached a revised IFP application, on the court's form, which the prison library staff had time-stamped three days before the court's deadline but apparently did not file promptly. This IFP application stated that Bentz's only income was "0–$50 per month" plus "0–

$40 per month" from "family" and that he did not have any other money or assets. In his motion to reconsider, Bentz argued that the judge erred in concluding that his initial IFP application was untruthful because it listed gifts from "Diane" Bentz while the account statement reflected deposits from "Linda" Bentz. He said that his mother's name is "Linda Diane Bentz" and that she goes by the names Linda and Diane. And, he maintained, he had reported accurately that he received an average of $40 and $50 monthly from his mother and father respectively, for a total of $90 per month. The $180 deposit listed on his trust fund account statement, he said, was merely a combination of two monthly installments of $90 from his family. In addition Bentz contended that he timely filed his second IFP application and that its delay in reaching the court should not be held against him because the prison library staff bore responsibility. He further asserted that prison staff made the filing of his trust fund account statement tardy because the staff "refuse[d]" to give it to him by the court's deadline.

The judge denied Bentz's motion for reconsideration because she concluded that even assuming that Bentz timely filed his second IFP application, it contained two lies. First the judge rejected Bentz's assertion that the $180 deposit from Linda Bentz comprised two $90 installments from his family; the judge interpreted the account statement to show a $180 deposit "in addition to his other regular monthly deposits." And although the judge acknowledged Bentz's assertion that his mother went by both Linda and Diane, the judge faulted Bentz for dishonestly omitting "all reference to 'Linda Bentz'" in his IFP applications. As an alternative basis to deny the motion, the judge pointed to Bentz's "repeated failure to comply with [the] Court's Orders" to pay the filing fee or submit a completed IFP application.

On appeal Bentz contends that the district judge clearly erred in deciding that his IFP applications misstated his income. He adds that the judge wrongly concluded that he dishonestly omitted his income from Linda Bentz in his initial application. He reiterates that Linda and Diane Bentz are the same person and that he reported gifts from Diane Bentz (and therefore, Linda Bentz) on his initial application. He also argues that the judge lacked a legal basis for faulting him for listing "family" instead of the name "Linda Bentz" on his second IFP application.

We agree with Bentz in all respects. The district judge clearly erred by finding that Linda Bentz's $180 deposit was made "in addition to his other regular monthly deposits." Bentz's account statement shows that he received deposits of roughly $90 total from Linda and Gary Bentz each month between February and May 2016 and

again in August 2016; he received the $180 from Linda Bentz in late June 2016. Bentz received *no* other deposits in June and July 2016—strongly supporting his contention that his mother meant for the $180 deposit to cover the $90 installments for these two months. Because of this error, the judge erroneously concluded that the $180 deposit had been omitted from his IFP applications. Moreover, the district judge did not take any evidence about whether Diane and Linda are the same person and thus had no basis to discredit Bentz's assertion that they are. As a final matter, Bentz is correct that the judge erred by faulting him for listing "family" instead of "Linda Bentz" on his second IFP application. The judge cited no legal authority to support this requirement, and the IFP statute, 28 U.S.C. § 1915, and the standard application (asking applicants for a description of each source of income) do not require IFP applicants to specifically identify the sources of their income.

Bentz also maintains that he timely filed his second IFP application. We do not address this argument because the district judge did not deny the motion for reconsideration based on untimeliness. Recognizing that the application was time-stamped three days before the deadline, the judge assumed that it was timely.

But while ostensibly assuming the timeliness of his second IFP application, the judge also denied the motion for reconsideration based on her conclusion that Bentz disregarded her two orders to pay the filing fee or file a completed IFP application. This is hard to square. If the judge assumed that that the second IFP application was timely filed, then Bentz would have complied with her second order for him to submit a completed IFP application or pay the filing fee by the court's deadline. The judge's conclusion that Bentz ignored that order is further undermined by (1) his explanation that he was not issued a certified copy of his trust fund account statement in time to meet the court's deadline and (2) his motion requesting relief from the library staff's failures to file documents with the court. The time stamp on the second IFP application supports Bentz's assertion that sometimes, documents were stamped at the prison but not filed electronically on the same day. So too does Bentz's contention that he filed the second IFP application around the time of his trust fund account statement; the district court received the latter, but not the former, near the deadline it had set, and there is no reason to doubt that Bentz intended for them to reach the court as part of one request for IFP status. As for the earlier order that the judge said Bentz "fail[ed] to comply with"—her original instruction to submit an IFP application by a date certain—the timely filing was not "completed" as the order instructed. But we see no basis in the record for concluding that Bentz was being insubordinate, and the judge effectively

excused the deficiency when she allowed him to amend the application. All of this is to say that the judge lacked a sound basis for concluding that Bentz disregarded her orders, let alone "repeatedly."

We VACATE the judgment and REMAND for proceedings consistent with this order.